**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Timothy P. Neumann, Esq. [TN6429]
Geoffrey P. Neumann, Esq. [059702019]
Broege, Neumann, Fischer & Shaver, LLC
25 Abe Voorhees Drive
Manasquan, New Jersey 08736
(732) 223-8484
timothy.neumann25@gmail.com
geoff.neumann@gmail.com

*Attorneys For Debtor/Plaintiff Gregory Kwasnicki*

| | |
|---|---|
| In Re: | Case No.: 22-14227 |
| **GREGORY KWASNICKI,** | Adv. Proc. No. 23-1162 |
| Debtor. | Chapter 13 |
| | Judge: Michael B. Kaplan |
| **GREGORY KWASNICKI,** | |
| Plaintiff, | |
| Vs. | |
| **U.S. PREMIUM FINANCE, INC., and MIDLAND FUNDING, LLC,** | |
| Defendants. | |

**CERTIFICATION OF GEOFFREY P. NEUMANN IN SUPPORT OF**
**REQUEST TO ENTER DEFAULT JUDGMENT**
**PURSUANT TO D.N.J. LBR 7055-1(b)(2)**

Geoffrey P. Neumann, of full age, certifies to the Court and says:

1.      I am the counsel for Debtor and Plaintiff ("Plaintiff") in the above-captioned matter and

have personal knowledge of the facts set forth herein.

2.      On June 22, 2023, the Plaintiff initiated this adversary proceeding by filing a complaint pursuant to Sections 544(a) and 551 of the Bankruptcy Code to Avoid Judgment Liens and Preserve Judgment Liens for the Benefit of the Debtor's Estate [Dkt. No. 1] (the "Complaint").

3.      The summons was issued by the Court on June 23, 2023 [Dkt. No. 2] (the "Summons") directing a motion or answer to the complaint to be filed within 30 days from its issuance.

4.      On June 26, 2023, I served above-captioned defendants US Premium Finance, Inc. and Midland Funding, LLC (collectively, the "Defendants") with true copies of the Summons and Complaint.

5.      Also on June 26, 2023, I filed a certification of service stating that I served the Defendants with the Summons and Complaint.

6.      No answer or motion has been received within the time limit fixed by the Court or by Fed. R. Bankr. Proc. 7012(a).

7.      On July 28, 2023, I filed a request to Enter Default together with my supporting certification [Dkt. No. 5].

8.      On July 31, 2023, the Court entered Default against the Defendants [Dkt. No. 6].

9.      The Defendants are business entities and not enlisted in military service and therefore not entitled to the protections codified by 50 U.S.C. App. § 521.

10.     The Defendants are business entities and minors or incompetent persons.

11.     At the time of the filing of the Chapter 11 petition, the Debtor was the owner of real property located at 21 Presidential Path, Monmouth County, New Jersey - Lot 19.27 in Block 835 and on the Tax Map of Middletown Township (the "Property").

12.     The Property is encumbered by the following mortgages and/or other liens recorded in the Monmouth County Clerk's Office:

13. Mortgage modification Gregory J. Kwasnicki; Dawn Kwasnicki, to NewRez LLC d/b/a

Shellpoint Mortgage Servicing, in the amount of $643,883.35 dated May 18, 2021 and recorded

in the Office of the Monmouth County Clerk on July 20, 2021, Instrument No. 2021110495, in

Book OR-9528, Page 7230, et seq.;

14. The following judgments were entered in the Superior Court of New Jersey against the

Debtor, and are liens against the Property (hereinafter, the "Judgments"):

    A.  SUPERIOR COURT OF NEW JERSEY
       JUDGMENT NUMBER: J-066055-2019
       CASE NUMBER: MON-L-003525-18
       DATE ENTERED: 5/23/19  DATE SIGNED:
       TYPE OF ACTION: BOOK ACCOUNT
       VENUE: MONMOUTH
       DEBT: $ 152,121.19
       CREDITOR(S): **US PREMIUM FINANCE, INC.**
       ATTORNEY: SKLAR LAW, 20 BRACE RD. CHERRY HILL, NJ 08034
       DEBTOR(S): GREGORY KWASNICKI

    B.  SUPERIOR COURT OF NEW JERSEY
       JUDGMENT NUMBER: DJ-202991-2016
       CASE NUMBER: MON-DC-017431-10
       DATE ENTERED: 10/26/2016  DATE SIGNED:
       TYPE OF ACTION: CONTRACT-REG
       VENUE: MONMOUTH
       DEBT: $ 13,461.17; COSTS: $341.22; OTH: $45; INT: $285.11; DCKG: $35.00
       CREDITOR(S): **MIDLAND FUNDING LLC**
       ATTORNEY: PRESSLER & PRESSLER, 7 ENTIN RD., PARSIPPANY, NJ 07054
       DEBTOR(S): GREGORY KWASNICKI

15. Neither of the above Judgment creditors have levied upon the Property prepetition and all

of the judgment liens are subject to avoidance under section 544(a) of the Bankruptcy Code.

16. By virtue of the aforementioned Judgments recovered by the defendants, the defendants

hold liens against the Property.

17.     Upon information and belief, neither of the Defendants have levied against the aforesaid Property.

18.     The plaintiff, by virtue of 11 U.S.C. §544(a)(2) as a Debtor-in-Possession, is clothed with the status of a judgment creditor that has obtained an execution against the Debtor that has returned unsatisfied.

19.     Under New Jersey law, a creditor with an unsatisfied execution takes priority over non-levying creditors.

20.     Plaintiff, pursuant to §544(a)(2), may avoid the judgment liens recovered by the defendants in this matter and preserve same for the benefit of the state in accordance with 11 U.S.C. §551.

21.     The Standing Chapter 13 Trustee has ratified the Debtor's complaint and filed a letter documenting same with the Court [Dkt. No. 4]. For easy reference, a true copy of the Trustee's June 29, 2023 ratification letter is annexed hereto as **Exhibit A**.

I hereby certify that the foregoing statements made by me are true. I understand that if any of the foregoing statements made by me are willfully false that I am subject to punishment.

Dated: August 8, 2023                    /s/ *Geoffrey P. Neumann*
                                          Geoffrey P. Neumann, Esq.